**Byron Paul ORR, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 20A03–9212–CR–418.**

Court of Appeals of Indiana, Third District.

April 20, 1993.

Linda M. Wagoner, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

1. IND.CODE 35–45–4–1.

STATON, Judge.

Byron Paul Orr appeals his convictions of public indecency, a class A misdemeanor,[1] and attempted criminal deviate conduct, a class B felony.[2] He presents four issues for our review:

   I.  Whether evidence was improperly permitted pursuant to the depraved sexual instinct rule.

  II.  Whether the verdicts are supported by sufficient evidence having probative value.

 III.  Whether Final Instruction 23 was erroneous.

 IV.  Whether the sentence imposed upon Orr is manifestly unreasonable.

We reverse.

On April 20, 1992, S.R. was approached by Orr in the parking lot of the Pierre Moran Mall in Elkhart. Orr identified himself as a mechanic and indicated that he had observed a problem with S.R.'s vehicle. S.R. and Orr returned to S.R.'s vehicle, whereupon Orr stated that he could "reattach a loose connection" with S.R.'s assistance.

Orr crawled underneath the vehicle and asked S.R. to pump the brakes. Subsequently, Orr asked S.R. to come outside the vehicle and allow her head to be used for leverage. As S.R. attempted to assist Orr, she observed that Orr's penis was exposed. Orr placed his hands on S.R.'s head and pushed her head toward his exposed penis. S.R. broke free and locked herself in her vehicle.

## I.

### Depraved Sexual Instinct Evidence

First, Orr alleges error in the admission of certain evidence admitted to show his depraved sexual instinct. C.C. testified, over Orr's objection, that she crawled under Orr's vehicle to assist him as he performed repairs. Orr subsequently forced C.C. to perform fellatio while she was trapped under the vehicle. Prior to C.C.'s

2. IND.CODE 35–42–4–2; IND.CODE 35–41–5–1.

testimony, the court instructed the jury to consider the evidence for "any propensity [Orr] may have to commit the offense charged." Record, p. 292.

The depraved sexual instinct rule was recently abolished by our Supreme Court; Federal Rule of Evidence 404(b) was adopted in its entirety. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. The court stated in pertinent part:

> "We hasten to add that abandoning the depraved sexual instinct exception does not mean evidence of prior sexual misconduct will never be admitted in sex crimes prosecutions. It means only that such evidence will no longer be admitted to show action in conformity with a particular character trait."

According to *Pirnat v. State* (1992), Ind., 600 N.E.2d 1342, *reh. denied,* decided on the same day as *Lannan, supra,* Orr is entitled to application of *Lannan* as his case was pending on direct appeal at the time of the *Lannan* decision. *See also Vanover v. State* (1992), Ind.App., 605 N.E.2d 218. Here, the jury was clearly invited to find that Orr acted in conformity with a particular character trait, a depraved sexual instinct. Because the challenged testimony was not offered pursuant to a recognized exception under Federal Rule of Evidence 404(b) and because C.C.'s testimony had a probable persuasive effect on the jury, Orr's convictions must be reversed under the rationale of *Lannan, supra.*

## II.

### Sufficiency of the Evidence

Orr next challenges the sufficiency of the evidence in support of his convictions. Although reversal is necessitated by the admission of improper evidence, we consider this issue to determine whether Orr may be retried.

To support Orr's conviction for public indecency, the State was required to show that Orr appeared in a state of nudity in a public place. I.C. 35-45-4-1. To support Orr's conviction for attempted criminal deviate conduct, the State was required to show that Orr engaged in a substantial step toward forcing S.R. to engage in an act involving his sex organ and her mouth. I.C. 35-41-5-1; I.C. 35-42-4-2; IND. CODE 35-41-1-9.

Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237. The uncorroborated testimony of the victim is sufficient to support a conviction. *Delatorre v. State* (1989), Ind., 544 N.E.2d 1379, 1382.

S.R. testified that Orr exposed his penis to her at approximately noon in the parking lot of a shopping mall. Record, p. 183. Thus, there is sufficient evidence to support Orr's conviction of public indecency.

Further, S.R. testified that Orr forcefully used both hands to push her head "straight down" toward the exposed penis. Record, p. 184. There is sufficient evidence to support Orr's conviction of attempted criminal deviate conduct.

## III.

### Final Instruction 23

Orr next challenges Final Instruction 23; however, he failed to object to this instruction at trial. Moreover, he specifically assented to the use of the instruction. Record, p. 290. Orr has therefore waived this issue for appellate review. *Patton v. State* (1991), Ind.App., 580 N.E.2d 693, 697, *trans. denied.*

## IV.

### Sentencing

Finally, Orr challenges his sentence as manifestly unreasonable. Inasmuch as Orr's convictions are reversed, we do not address the propriety of Orr's sentence.

Reversed.

GARRARD and FRIEDLANDER, JJ., concur.