**Harold FARMER, Appellant,**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 1–984A231.**

Court of Appeals of Indiana,
First District.

Aug. 1, 1985.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Harold Farmer (Farmer) appeals from a judgment of conviction for attempted theft and false reporting.

We affirm.

The facts most favorable to the judgment of conviction are as follows. In late January or early February, 1983, Farmer and Chris Guenther (Guenther) discussed arrangements whereby Farmer's Corvette would be stolen and Farmer would recover insurance proceeds. Guenther contacted Keith Adams (Adams), who agreed to pay $500 to take possession of the Corvette.

After the plans were finalized, Farmer gave Guenther the key to the Corvette. Guenther went to Farmer's home and scattered glass in the area to make it appear that a window in the Corvette had been broken in the course of a theft. Guenther then drove away in the Corvette.

An information was filed against Farmer based upon his attempt to collect insurance proceeds from State Farm Mutual Insurance Company. A jury trial was held. Guenther and Adams testified for the State; Farmer elected to take the stand in defense. The jury found Farmer guilty of attempted theft and false informing.

On appeal, Farmer raises four issues:

(1) Whether the trial court erred in overruling Farmer's motion to dismiss the information;

(2) Whether the trial court erred in denying Farmer's motion for mistrial directed to the Prosecutor's final argument;

(3) Whether the trial court erred in refusing to give Farmer's tendered accomplice instruction and immunity instruction;

(4) Whether the trial court erred in denying Farmer's motion for mistrial based upon reference to Farmer's refusal to take a polygraph examination.

ISSUE ONE:

The charging instrument filed against Farmer set out the elements of attempted theft and false informing as follows:

> [T]hat Harold Farmer on the 26th day of April, A.D., 1983 at and in the County of Henry, and State of Indiana, did then and there unlawfully attempt to commit the crime of theft by attempting to collect proceeds from the State Farm Mutual Insurance Company by the filing of a false claim requesting restitution for an alleged theft of a red 1974 Corvette, which conduct constituted a substantial step toward the commission of the crime of theft, to wit: To knowingly exert unauthorized control over property of the State Farm Mutual Insurance Company, with the intent to deprive State Farm Mutual Insurance Company of the value and use thereof.

Farmer argues that the trial court should have dismissed the charging instrument, because the information failed to identify the *mens rea* required to commit attempted theft.

Generally, an information must state the crime in words of the statute or words that convey a similar meaning. *Smith v. State*, (1984) Ind., 465 N.E.2d 702, 704. Minor deviations from the language of the statute do not render an information defective so long as the deviations do not mislead the accused or omit an essential element of the crime. *Id.* The statute defining attempt provides, "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime". IND.CODE § 35–41–5–1(a) (1982). Variances from the language of I.C. § 35–41–5–1(a) did not make the information filed against Farmer misleading or incomplete. The information adequately identified the culpability required for attempted theft by the phrase "to knowingly exert unauthorized control." The information also alleged the substantial step taken by Farmer. Farmer was sufficiently apprised of the nature of the charges against him. Therefore, the trial court correctly refused to dismiss the information.

ISSUE TWO:

The second issue raised on appeal is whether the trial court should have granted a mistrial based upon prosecutorial misconduct during the final argument. Allegations of prosecutorial misconduct trigger a two-pronged analysis. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843.

The court must first determine whether the prosecutor in fact engaged in misconduct. *Id.* at 498, 355 N.E.2d at 848. Then the court must assess whether the misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *Id.*

On three occasions during final argument, the Prosecutor in the instant case drew objections from defense counsel. In the first instance, the Prosecutor alluded to a plea agreement entered into with the individual convicted of receiving Farmer's stolen Corvette. Defense counsel, anticipating a discussion of the State's motives in entering into the plea agreement, interposed an objection. The objection was sustained, and the Prosecutor continued his argument without addressing the topic of plea agreements.

■ By mentioning a plea agreement from another case, the Prosecutor improperly addressed a matter outside the evidence. Yet the reference to the plea agreement was brief, undeveloped and abandoned following Farmer's objection. Farmer has failed to demonstrate that he was placed in grave peril by the Prosecutor's misconduct.

■ Farmer focuses upon the Prosecutor's rebuttal argument for the remaining allegations of misconduct. In rebuttal, the Prosecutor discussed a defendant's decision whether or not to testify. Farmer correctly states that a prosecutor may not comment upon an accused's silence. *See, Rowley v. State,* (1972) 259 Ind. 209, 285 N.E.2d 646. However, the Prosecutor's remarks were not directed to Farmer's silence, because Farmer had elected to take the stand. Moreover, during closing argument, Farmer's attorney similarly engaged in abstract speculation as to why a defendant may or may not testify. Farmer was not subjected to grave peril by the Prosecutor's comments.

■ The Prosecutor suggested in his rebuttal argument that the jury should give greater weight to the testimony of the State's witnesses. The Prosecutor's statement constituted misconduct, but Farmer did not suffer grave peril as a result of the remark. The court admonished the jury to disregard the statement.

■ Granting or denying a mistrial is a matter within the sound discretion of the trial court. *Ramos v. State,* (1982) Ind., 433 N.E.2d 757. The denial of Farmer's motion for mistrial was not an abuse of the lower court's discretion.

ISSUE THREE:

Farmer claims that the trial court erred by refusing to give his tendered instructions on the testimony of an accomplice who has been given immunity. The instructions contained the following language:

> An accomplice who turns "State's evidence", and agrees to cooperate with the prosecutor, in consideration of lenience or the dismissal of charges by the State, to be realistic, is being bribed. However, the Court instructs you that public policy has approved such action. It does not necessarily follow that because of inducements offered to the accomplice his testimony is false. However such testimony is highly suspect. The Court, therefore, instructs you that if you find that any witnesses who testified against the defendant have been accorded any lenience, or other forms of consideration by the prosecutor, such testimony should be highly scrutinized.
>
> There has been evidence that witnesses were given immunity from prosecution for certain crimes. Immunity is *not* a finding that no crime committed [sic]. Rather it is a decision to forgive the fact that a crime was committed. You may consider the fact that witnesses were given immunity in arriving at your verdict.

Farmer reasons that the instructions were necessary, because the pivotal factor in his case was the credibility of the witnesses.

■ The trial court correctly refused to give Farmer's tendered accomplice and immunity instructions. The Indiana Su-

preme Court has determined that the language of the tendered accomplice instruction is inappropriate for a jury instruction. *Drollinger v. State,* (1980) 274 Ind. 5, 408 N.E.2d 1228. Additionally, instructions concerning the credibility of witnesses should be general in nature and should not single out any particular witness for closer scrutiny. *Joy v. State,* (1984) Ind.App., 460 N.E.2d 551. The substance of the accomplice and immunity instructions was adequately covered by the court's general instruction on the credibility of all witnesses.

ISSUE FOUR:

■ The final issue raised on appeal challenges the trial court's refusal to grant a mistrial following a reference to Farmer's disinclination to take a polygraph examination. The denial of a motion for mistrial is reviewable only for abuse of discretion. *Tacy v. State,* (1983) Ind., 452 N.E.2d 977. The lower court did not abuse its discretion by denying Farmer's motion for mistrial.

■ The inadvertent reference to a polygraph examination occurred during direct examination of one of the State's witnesses. Subsequently, the court admonished the jury to disregard any evidence of a polygraph test. A jury admonishment is generally presumed to cure an evidentiary error. *Randolph v. State,* (1978) 269 Ind. 31, 378 N.E.2d 828. To rebut that presumption, Farmer had to demonstrate that the error had a probable impact on the verdict. *See Davis v. State,* (1981) 275 Ind. 509, 418 N.E.2d 203. Farmer made no showing of probable impact. In fact, the trial judge questioned the jurors individually to ascertain that they could disregard the polygraph testimony completely. Thus, the trial court took adequate measures to cure the evidentiary error, and its denial of the motion for mistrial was not an abuse of discretion.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.