Dale BAKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285 S 507.

Supreme Court of Indiana.

April 20, 1987.

John W. Forcum, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellant for the crimes of Child Molesting, a Class B felony, and Child Molesting, a Class C felony. He was sentenced to concurrent sentences of fifteen (15) years and eight (8) years.

The facts are: Appellant was accused of molesting his stepdaughter who, at the time of the molesting in the latter part of 1983, was a child under twelve years of age. Appellant's conviction rested solely upon the uncorroborated testimony of the victim, which of course was contrary to the testimony of appellant. Thus the jury was placed in a position of weighing the credibility of the victim against that of appellant.

In the course of the presentation of the State's case, Police Sergeant Robert Atkinson, in response to a general question concerning his investigation of the case, stated:

"Ah, he refused to sign the Miranda rights. He was constantly just stating, 'Well, Wilma Jean tells a lot of lies. You can't believe her. She's just not trustworthy.' I said, 'Well, Dale, you are aware of what the problem is,' you know, and he said 'Yes,' and I said, 'Why don't we get it out of the way, let me set you up for a polygraph examination.'"

Appellant claims the trial court erred in refusing to grant a mistrial because of the police officer's comment concerning the polygraph examination. The prosecuting attorney admitted to the judge that the officer's comment was improper; however, the trial judge refused to grant the motion for mistrial and instead instructed the jury to disregard the comment of the police officer.

The State cites *Beal v. State* (1983), Ind., 453 N.E.2d 190 and *Farmer v. State* (1985), Ind.App., 481 N.E.2d 154, along with several other cases, to support its position that the court's admonition was sufficient to cure the remark. In *Beal* this Court held that although the witness's testimony was probably damaging to appellant it was not the only evidence implicating him in the crime charged. Thus the court held the admonition of the judge to the jury was sufficient. In *Farmer* the court held that the reference by the witness to the polygraph was inadvertent and that there was no showing of any probable impact as a result of the remark. However, in the case at bar we cannot presume, under the circumstances, that the officer's testimony was inadvertent or that the error was harmless in view of the fact that there was no corroborating evidence to support the testimony of the victim.

Prior to trial, appellant filed a motion in limine to prevent the State's comment as to any polygraph examinations of either appellant or the victim. The motion was granted by the trial court. Appellant takes the position that the granting of the motion in limine was fully known to the police officer. This was not a lay witness who accidentally blurted out a comment concerning a polygraph test. The statement made by a trained police officer in the presence of the jury clearly indicated to the jury that appellant had been offered a polygraph examination.

Appellant correctly observes that once such information was presented to the jury it was of little moment whether appellant actually took a test and failed or whether he refused the offer of a polygraph test. In either event, the credibility of appellant was necessarily placed in jeopardy in the eyes of the jury. We therefore hold that it was reversible error to refuse appellant's motion for a mistrial.

Appellant raises one other question we feel should be dealt with at this time because of the likelihood of reoccurrence at a subsequent trial. Appellant claims it was error to permit Dr. John Rudy, a clinical psychologist, to sit with and advise the prosecuting attorney during the trial. The trial court had granted a separation of witnesses but, pursuant to the established practice in such cases, he allowed the State to choose one State witness to remain in the courtroom and aid in the trial. The State chose Dr. Rudy. *Grimes v. State* (1983), Ind., 450 N.E.2d 512.

Appellant argues that the State obtained expert psychological advice in selecting the jury and in questioning witnesses, which expertise was not available to appellant. We do not discern that the retention of Dr. Rudy as the State's attending witness was any different than the retention of any other witness. Obviously, either side in a separation of witnesses case chooses to retain that witness which they perceive to be most valuable to them in the course of the trial. We find no error in such procedure in this case.

The trial court is reversed and this case is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.