**Thomas SHERRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185S470A.**

Supreme Court of Indiana.

Aug. 26, 1987.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Robbery, a Class A felony, for which he received twenty (20) years, Robbery, a Class C felony, for which he received five (5) years, Battery, a Class C felony, for which he received five (5) years, and Robbery, a Class B felony, for which he received two (2) years, all sentences to be served concurrently.

The facts are: On November 17, 1984, the victim was robbed and suffered stab wounds in the back. Approximately an hour later, appellant was in a restaurant where he suffered a seizure. Police officers were called to the scene and talked to appellant. At that time, they discovered he had a knife on his person which appeared to have blood on it. The officers kept the knife and took appellant to a friend's home.

When the officers learned of the robbery, which had occurred on the campus of Purdue University, they contacted the Purdue Police Department and obtained a description of the robber. The description was close enough to the description of appellant that the police officers entered into further investigation. Appellant was traced to the Wabash Valley Mental Hospital where he was interviewed by Lieutenant Fosnaugh of the Purdue University Police Department concerning the robbery.

On December 6, 1984, appellant was discharged from the hospital where he was met by Lieutenant Fosnaugh and taken to the Purdue Police Department. After a period of questioning, appellant was asked if he would voluntarily take a polygraph examination. He agreed to do so; however, there was no agreement between the parties that the polygraph results could be used in litigation. Following the polygraph examination, appellant was informed that he had failed the examination. At that time, he gave a written statement to the police in which he confessed to the robbery and stabbing.

Prior to trial, appellant's counsel obtained a favorable ruling on a motion in limine to prevent the State from referring to the failed polygraph examination during trial. During appellant's cross-examination of Lieutenant Fosnaugh, persistent and pointed questions were asked concerning the manner of interrogation leading to the written confession and Lieutenant Fosnaugh's personal belief in the truth of the confession. Defense counsel also delved into the details of the continuing investigation conducted by the police department even after appellant had given them a written confession.

During this entire cross-examination, defense counsel made no mention whatever of the polygraph examination. However, the State took the position that the nature of appellant's questioning had opened the door for the introduction of the results of the examination. To support its position, the State relied upon *United States v. Kampiles* (7th Cir.1979), 609 F.2d 1233. In that case, the Circuit Court of Appeals upheld the judgment of the United States District Court for the Northern District of

Indiana in holding that the nature of the cross-examination of defendant's counsel opened the door for the introduction of the result of a polygraph examination.

In that case, a motion in limine had been granted by the trial court to prevent mention of the polygraph examination. The trial court ruled that the defendant should not be permitted to introduce evidence of threats against him which precipitated the confession if the government was going to be prohibited from showing the polygraph examination. However, during trial, defense counsel entered into the prohibited evidence at length. The trial court then ruled that by so conducting himself he had opened the door for the introduction of the results of the polygraph examination.

In the case at bar, there was no such restriction upon appellant. The only restriction was the prohibition against the discussion of the fact that appellant had taken a polygraph examination. Defense counsel conducted a very lengthy and skillful cross-examination of Lieutenant Fosnaugh. He did not mention the polygraph examination nor did he use any language which could be construed as a veiled reference to the same. We see nothing in this record to justify the holding that defense counsel had opened the door on the subject of the polygraph examination.

In *Baker v. State* (1987), Ind., 506 N.E.2d 817, we held that the improper reference to a polygraph examination requires a new trial. In that case, the polygraph examination was mentioned by a police officer under examination without any direct participation on the part of the State in bringing out the information. In the case at bar, the polygraph examination was referred to at the insistence of the State during lengthy argument before the court out of the presence of the jury.

We hold the trial court committed reversible error. The cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.