**Sterling HOUCHEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 12A05–9210–CR–356.

Court of Appeals of Indiana, Fifth District.

April 19, 1994.

David B. Harris, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

BARTEAU, Judge.

Sterling Houchen appeals his conviction of child molesting, a Class C felony.[1] Because a prosecution witness improperly and deliberately informed the jury that Houchen had been offered a polygraph examination, we must reverse the conviction.

## FACTS

Connie Houchen, appellant Sterling Houchen's wife, operated a home day care center in Frankfort, Indiana. In June of 1991, A.M., a four-year-old girl for whom Connie provided day care, accused Sterling Houchen of molesting her. Detective Toney of the Frankfort police department interrogated Houchen at the police station in the late evening hours of June 24, 1991. Houchen was advised at that time of his *Miranda* rights but was not represented by an attorney. Houchen denied the allegation of child molesting. He admitted to holding A.M. and patting her on the bottom, but maintained that nothing improper occurred.

The next morning, Houchen arrived at the police station per the request of detective Toney. Houchen was not readvised of his *Miranda* rights. Toney and welfare worker Sandra Lock testified that Houchen confessed to molesting A.M. at that time. Houchen's confession was not recorded nor transcribed and the extent and contents of the confession are disputed. Toney testified Houchen admitted to touching A.M.'s vagina. Lock testified Houchen admitted to fondling A.M.'s buttocks. Houchen testified he admitted to touching A.M.'s buttocks but was unaware that in order to constitute child molesting the touching had to be accompanied by the intent to sexually arouse. Toney could not remember whether he ever advised Houchen of the elements of child molesting, including the requirement that the touching be with the intent to arouse or satisfy the

---

1. Ind.Code 35–42–4–3(b).

sexual desires of either the child or himself. Houchen's wife also testified that Houchen, upon prompting by Toney, confessed to her that he molested A.M. but did not describe what acts constituted the molesting.

A.M.'s trial testimony was quite limited. The only testimony to establish the offense was:

Q. Did anybody ever touch you some place that you didn't want to be touched?

A. Yeah.

Q. Who did that?

A. Sterling.

Q. Where did Sterling touch you?

A. Right here.

MR. EVANS: I would like the record to show that she's pointing to her genitals.

\*   \*   \*   \*   \*   \*

Q. And when Sterling touched you there did he pull your clothes down?

A. Yeah.

Q. And did he pull them back up then afterwards?

A. Yeah.

Q. So he was touching his bare skin when he touched you?

A. Huh.

Q. You have to answer yes or no. You can't nod you head. O.K.

A. O.K.

Q. Did he touch your bare skin?

A. Yeah.

During direct examination A.M. stated this occurred while she was in bed watching television with Sterling and that "Danielle" was also in the room. On cross, she testified that the events occurred when she was in bed with "Danielle" and Sterling was in the living room watching television.

### POLYGRAPH

■ The law in Indiana is well settled that the results of a polygraph examination, or the offer or refusal to take a polygraph examination, are not admissible in a criminal prosecution absent a waiver or stipulation by the parties. *Goolsby v. State* (1987), Ind., 517 N.E.2d 54, 57. Nevertheless, the State's

witness, Detective Toney, a nineteen-year veteran of the Frankfort police department, twice deliberately introduced evidence at trial that Houchen had been offered a polygraph examination. The first instance occurred in response to a prosecution question concerning Houchen's reaction to the child molesting allegation. Toney stated:

At that point in time he denied anything and I further talked to him a little bit further advising that if he would like to come back in the following morning to go ahead and think about it. I also asked him if he would take a polygraph test.

Houchen did not object to this remark. Thirteen pages later in the transcript, this time on cross-examination, Toney was asked whether he had told Houchen that if Houchen did not come in the next day he would come looking for him. Apparently just in case the jury missed his reference to a polygraph the first time, Toney replied:

I told him I would probably be back to talk to him. I also explained to him that he had the right to take a polygraph if he wanted to or asked him if he wanted.

Defense counsel then moved for a mistrial which the trial court denied:

MR. LANGSTON: Objection, Your Honor. That's the second time and I'm going to have to move for mistrial at this time. The first time I let it go by, but the second time I'm not going to.

MR. EVANS: I would ask that the jury be admonished to disregard any reference to a polygraph.

THE COURT: Motion for a mistrial is denied. Jury is admonished to disregard any reference to a polygraph.

■ Toney's references to the proffered polygraph examination amount to fundamental error in this case and require reversal of Houchen's conviction. Fundamental error is that which, if not corrected, would deny a defendant fundamental due process. *Kelley v. State* (1991), Ind.App., 566 N.E.2d 591. It is only when the record clearly reveals blatant violations of basic and elementary principles, and the harm or potential for harm cannot be denied, that we will review an issue not properly raised and preserved.

*Gipson v. State* (1984), Ind., 459 N.E.2d 366. Because defense counsel failed to object at the first mention of the offer to take a polygraph examination, the issue was not properly preserved for review. *Davis v. State* (1992), Ind., 598 N.E.2d 1041. Nevertheless, because of the nature of the evidence presented in this case, the damage caused by Toney's volunteered statements so prejudiced Houchen that even had defense counsel objected and the jury been admonished (as it was after Toney's second reference to the polygraph), the devastating harm to Houchen's case could not have been alleviated. *Baker v. State* (1987), Ind., 506 N.E.2d 817.

The improper admission of polygraph evidence does not always require a mistrial. However, given the facts in this case, no remedy short of a mistrial could cure the damage. Upon hearing Toney testify he offered Houchen a polygraph, the jury had to assume one of two things: either Houchen took the test and failed it or he refused to take the test because he was being untruthful. *Id.* Either way, his credibility, which was crucial to his defense, was severely damaged. Houchen could not have been convicted without Toney's testimony, and by introducing the polygraph issue, Toney indelibly etched in the minds of the jurors that if Houchen were telling the truth, he would have taken and passed the polygraph examination.

Toney was not a naive witness who was unaware of the prohibition against polygraph evidence and inadvertently introduced the subject. To the contrary, he was an experienced police officer more than aware of the prohibition. Nor was the evidence against Houchen so overwhelming that the improper reference could not have affected the verdict. Rather, the entire case hinged on the credibility of Houchen and Toney. Houchen was the only witness who testified on his behalf.

This court will simply not tolerate such a blatant and deliberate attempt to improperly influence the jury. Because one police officer took it upon himself to guarantee a conviction by tossing out an evidentiary harpoon that the jury could not ignore, the time and expense of this jury trial was for naught. The conviction must be reversed.

We must also address Houchen's challenge to the sufficiency of the evidence because if the evidence presented was insufficient to support his conviction, he may not be tried again for this offense. Houchen contends that the evidence failed to establish that he touched A.M. in the genital area and that therefore no molesting occurred. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237. The record reflects that, when asked where Houchen touched her, A.M. pointed to her genitals. Houchen did not object to the prosecutor's characterization of A.M.'s act, and thus we must presume she indeed pointed to her genitals. Further, Toney testified Houchen confessed to touching A.M.'s vagina. This evidence establishes an act from which the intent to molest may be inferred and is sufficient to withstand a sufficiency challenge on appeal.

REVERSED.

NAJAM and RUCKER, JJ., concur.