Juan M. PEREZ, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 12A02–9907–PC–501.

Court of Appeals of Indiana.

May 18, 2000.

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Juan M. Perez (Perez), appeals the denial of his petition for post-conviction relief.

The facts were set forth by this court in Perez's direct appeal and reveal that on March 21, 1995, within 1,000 feet of a school: "Officer[] Andrew Rice and [Detective] Charles Toney of the Frankfort Police Department were on patrol when they stopped a vehicle driven by Perez because its windows were tinted too darkly. After the officers approached the vehicle, Perez opened the door and a cloud of blue smoke rolled out. A passenger of the vehicle, Luis Garcia, then admitted that he and Perez had smoked a marijuana cigarette in the car." *Perez v. State* (1997) Ind.App., 679 N.E.2d 522, 12A02–9610–CR–659 (unpublished memorandum decision). Post–Conviction Record at 100.

The officers searched the vehicle and discovered two small pipes and a sandwich bag containing a substance later determined to be marijuana. Detective Toney also found a smaller bag within the sandwich bag containing cocaine. Garcia told the officers that the cocaine belonged to Perez and that Perez had asked him to conceal the bags. Perez then told the officers that there were no more drugs in the car, and he consented to the officers searching the trunk. Upon searching the trunk, the officers discovered a loaded handgun and ammunition. Perez admitted that he did not have a permit for the handgun. Officer Rice also found stereo devices which he testified "appeared as though they were stolen." Trial Record at 179.

Perez was charged with Possession of Cocaine within 1,000 Feet of School Property,[1] a Class B felony; Possession of a Firearm without a Permit within 1,000 Feet of School Property,[2] a Class C felony; Maintaining a Common Nuisance,[3] a Class D felony; and Possession of Marijuana,[4] a Class A misdemeanor. On August 22, 1995, after Perez did not appear for trial, a trial was conducted *in absentia,* and a jury convicted him on all charges. Perez was sentenced to an aggregate term of 28 years.[5] Perez appealed, and this court reversed Perez's conviction for Maintaining a Common Nuisance due to insufficient evidence. *Perez v. State, supra,* slip op. at 3.

On January 14, 1998, Perez filed a petition for post-conviction relief. The post-conviction court initially denied his petition, but then rescinded its denial and reinstated the petition. After Perez amended his petition twice, the post-conviction court conducted a hearing. The court reduced Perez's sentence for Possession of a Firearm without a Permit within 1,000 Feet of School Property from eight years to five years, but in all other respects denied post-conviction relief. (P.C.R.–13).

Upon appeal, Perez contends that the post-conviction court improperly denied his petition for relief because his trial counsel was ineffective. Specifically, he asserts that his trial counsel's failure to object, request admonishment, or move for a mistrial when Detective Toney testified that Perez was a convicted felon and when Officer Rice testified that the stereo devices in the trunk of Perez's car "appeared as though they were stolen" resulted in ineffective assistance. Trial Record at 179.

When reviewing claims of ineffective assistance of counsel, we look to the two-part test established in *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, the defendant must establish that, in light of all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Roberts v. State* (1999) Ind.App., 712 N.E.2d 23, 34, *trans. denied.* Secondly, the defendant must demonstrate that he was prejudiced by counsel's deficient performance. *Id.* The defendant must prove that there is a reasonable probability that but for counsel's errors, the result would have been different. *Id.*

We must emphasize, however, that we will not judge counsel's actions or inaction by hindsight, questioning counsel's strategy and tactics. *Shaffer v. State* (1996) Ind.App., 674 N.E.2d 1, 6, *trans. denied.* Poor isolated strategy and bad tactics do not necessarily constitute ineffective assistance. *Id.* We apply "a strong presumption that counsel was adequate and that all decisions were made through the exercise of reasonable professional judgment." *Roberts, supra,* 712 N.E.2d at 34.

Perez contends that Detective Toney's improper injection of impermissible evidence constituted an evidentiary harpoon and his counsel's failure to object, move to strike, or request a mistrial amounted to ineffective assistance. Detective Toney had testified that another officer indicated

---

1. I.C. 35–48–4–6 (Burns Code Ed. Repl.1994). For current provision, *see* I.C. 35–48–4–6 (Burns Code Ed. Repl.1998 & Supp.1999).

2. I.C. 35–47–2–1 and I.C. 35–47–2–23(c)(1)(B) (Burns Code Ed. Repl.1998 & Supp.1999).

3. I.C. 35–48–4–13(b) (Burns Code Ed. Repl. 1994). For current provision, *see* I.C. 35–48–4–13 (b)(Burns Code Ed. Repl.1998).

4. I.C. 35–48–4–11 (Burns Code Ed. Repl. 1998).

5. Perez was sentenced to twenty years for Possession of Cocaine within 1,000 Feet of School Property, eight years for Possession of a Firearm without a Permit within 1,000 Feet of School Property, one and one-half years for Maintaining a Common Nuisance, and one year for Possession of Marijuana, with the twenty and eight year sentences to run consecutively.

to him at the scene that Perez was a convicted felon.

■ An evidentiary harpoon is the placing of inadmissible evidence before the jury so as to prejudice the jurors against the defendant. *See Baker v. State* (1987) Ind., 506 N.E.2d 817; *Mayes v. State* (1974) Ind.App., 162 Ind.App. 186, 318 N.E.2d 811, *trans. denied.*

■ The State, citing *Lay v. State* (1995) Ind., 659 N.E.2d 1005, *reh'g denied,* asserts that the comment was not an evidentiary harpoon because the prosecutor did not ask a question intending to elicit a response from Detective Toney relating to Perez's felony record. However, we conclude that Detective Toney's voluntary statement about Perez being a convicted felon amounts to an evidentiary harpoon. Detective Toney, who has undoubtedly testified for the prosecution in many cases, understood the significance of his statements to the jury.[6] The prosecution's question was unrelated, yet Detective Toney injected that he was told by another officer that Perez was a convicted felon. This comment, relating inadmissible evidence, was deliberately made to incite prejudice.[7]

We hold, therefore, that it was error for Detective Toney to volunteer testimony that another officer had told him that Perez was a convicted felon. However, in order to reverse, we must also find that this evidentiary harpoon prejudiced Perez. Perez asserts that Detective Toney's testimony prejudiced him in that the jury was thereby predisposed to believe that he possessed the cocaine, even though the evidence of possession was conflicting. Perez contends that the cocaine belonged to Garcia because it was found on the passenger's side of the car. Garcia testified that the cocaine belonged to Perez and that Perez had asked him to conceal it.

■ When the jury's determination is supported by independent evidence of guilt and it was likely that the evidentiary harpoon did not play a part in the defendant's conviction, the error is harmless. *Shaffer, supra,* 674 N.E.2d at 7. In the instant case, the jury was entitled to believe Garcia and not believe Perez with respect to the issue of cocaine possession. The surrounding circumstances of Perez's uncontested possession of marijuana and a firearm without a permit support the jury's conclusion that Perez also possessed the cocaine. Therefore, any possible impact of Detective Toney's testimony of Perez's felony record was negated by these surrounding circumstances.

Additionally, the prosecution did not introduce evidence relating to any prior convictions of Perez. The only mention of a prior felony was the unsolicited testimony of Detective Toney, and he did not claim to have any personal knowledge of a past crime. Instead, he testified that another officer told him that Perez was a convicted felon. The post-conviction court noted that most jurors would not understand the full meaning of the word felony without further explanation. No reasonable juror would have indulged the proposition that Perez was a convicted felon as the deciding factor in his conviction. The record does not reveal that Perez was harmed by Detective Toney's testimony. Therefore,

6. Detective Toney's understanding of the significance of his testimony is further illustrated by the case cited by the Appellant, *Houchen v. State* (1994) Ind.App., 632 N.E.2d 791. In *Houchen,* an officer by the name of "Detective Toney" testified twice that the defendant in that case had been offered a polygraph test, even though this type of evidence is clearly inadmissible. In *Houchen,* the court noted that Detective Toney was employed with the Frankfort Police Department and that he had nineteen years experience. When Detective Toney testified in 1995, he was employed with the Frankfort Police Department and had twenty-two years experience. The defendant's conviction in *Houchen* was reversed because of Detective Toney's statements about the polygraph test.

7. We do not place distinguishing significance upon the fact that the deliberate act was that of the police officer witness rather than that of the prosecution itself.

Perez was not harmed by his trial counsel's failure to object, move to strike, or request a mistrial based upon Detective Toney's statement.

■ Similarly, Perez contends that trial counsel's failure to object when Officer Rice testified that the stereo devices discovered in the trunk of his car appeared to have been stolen was prejudicial error. Perez asserts that the jury could have concluded from his alleged possession of certain "illegal items" that he also possessed cocaine. Appellant's Brief at 12. However, Officer Rice did not affirmatively state that the stereo equipment was stolen. Also, there was no evidence introduced that Perez had stolen the stereo devices, and he was not charged with stealing stereo equipment. Based upon the evidence, we conclude that a jury would not have given Officer Rice's comment any significance with regard to crimes charged.

■ In light of our conclusion that Perez's allegations of error did not prejudice Perez, we also conclude that his trial counsel's assistance was not ineffective. Although objections to the testimony given by Detective Toney and Officer Rice may well have been sustained, we will not question trial counsel's apparent strategy in not wishing to emphasize his client's felony record or the speculation that the stereo devices were stolen. Any errors made by Perez's trial counsel did not prejudice Perez to the extent that the result of his trial would have been different without them. The post-conviction court did not err in denying Perez relief.

The judgment is affirmed.

BAKER, J., concurs.
KIRSCH, J., dissents with opinion.

KIRSCH, Judge, dissenting

I fully concur in the majority's holding that Detective Toney's improper injection of impermissible evidence constituted an evidentiary harpoon. I disagree, however, with their conclusion that such injection was harmless beyond a reasonable doubt. Similarly, I am unable to find Officer Rice's comment that the stereo equipment in the trunk of Perez's car appeared to be stolen was harmless. For such reasons, I respectfully dissent.

Evidence of other crimes and bad acts is inherently prejudicial. There is always the fear that a jury will convict the defendant solely because he is a bad actor. That is why we go to such lengths to prevent such evidence coming before the jury. First, we limit the relevancy of such evidence to those areas specifically set out in Ind. Evid. Rule 404(b). Then, we require the prosecutor to provide reasonable notice in advance of trial if she intends to introduce such evidence. Finally, we direct the trial court to balance the probative value of such evidence against the danger of unfair prejudice. Ind. Evid. Rule 403. Here, none of these safeguards was in place.

The majority observes that the post-conviction court "noted most jurors would not understand the full meaning of the word felony without further explanation." *Opinion,* p. 237. Both history and intuition tell me otherwise. Indeed, I think most middle school students would understand that a "convicted felon" refers to a person convicted of a serious crime. I also note that the trial court must have felt that the jury would understand the meaning of the word felony: It repeatedly used the word without definition in its preliminary and final instructions and in its verdict forms. *Record,* pp. 35, 52, 53, 54, 64, 65 and 66.

In this case, the jury had to determine whether the drugs found in the car were possessed by Perez or Garcia. Telling the jury that Perez was a convicted felon who had what appeared to be stolen stereo equipment in his car was prejudicial to Perez. By sitting there like a potted plant, by failing to object, by failing to seek an admonition, and by failing to seek

a mistrial, counsel was ineffective, and that ineffectiveness harmed his client.

I would reverse Perez's conviction and remand for a new trial.