**Richard A. JACKSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 02S00-8804-CR-387.**

Supreme Court of Indiana.

March 28, 1989.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Child Molesting, a Class B felony, for which he received a sentence of twenty (20) years, Child Molesting, a Class C felony, for which he received a sentence of eight (8) years, and Confinement, a Class C felony, for which he received a sentence of eight (8) years, all sentences to run concurrently.

The facts are: On October 26, 1986, at approximately 4:00 p.m., appellant, along with his brother-in-law and a friend, went to the apartment of Jerry Cox in Fort Wayne. After playing cards for a couple of hours, the men decided to go outside and drink some beer. After about thirty minutes, they decided to leave the scene in appellant's automobile. However, appellant asked Cox if he could go back inside and use the bathroom, which he did.

While appellant was still in Cox's apartment, the 11-year-old victim, C.E., entered with Cox's son, J.J. As the children started to leave, appellant allowed J.J. to go out the door but blocked C.E.'s exit. He then threw C.E. on the floor and partially removed her clothing. He then partially removed his own clothing and lay on top of C.E. She testified that appellant unsuccessfully attempted to put his penis in her vagina, then did stick his finger in her vagina. During this time, she was attempting to cry out; appellant, however, held his hand over her mouth.

While this was going on Cox returned to his apartment and was shocked to see appellant partially clothed and laying on top of someone who was crying. He first exited the apartment, then decided to return and stop appellant. When he returned to the apartment, he realized that it was C.E.

who was under appellant. At that time, the victim's older brother attempted to enter the room but was prevented from doing so. The door was slammed and locked. The brother pounded on the door, and after a few minutes, was permitted to enter. When the door was opened, the victim ran past her brother crying, and her brother saw appellant pulling up his pants. The victim ran downstairs to her mother and told her what had happened. The police were called and arrived before appellant left the scene. He was taken to the police station where, officers testified, he told several versions of the incident but denied criminal activity. The victim was taken to the hospital where she was partially examined.

The doctor testified he did not do the usual internal vaginal examination because of the victim's mental state. He testified there were no tears in the hymenal ring, and the external vaginal area was red. He further testified that the absence of tears in the hymenal ring does not necessarily indicate the nonoccurrence of sexual activity. It simply means that no great force was used to insert any object bigger than the opening in the ring.

Appellant claims there is insufficient evidence to sustain the verdict of the jury. It is his contention that the age of the victim and her reluctance to speak at times while on the witness stand, together with his claim that the prosecutor unduly coached the victim, renders her testimony incredible. The manner in which parties are permitted to question a witness of tender years, especially in embarrassing situations, is left largely to the discretion of the trial court. This Court will not reverse the trial court unless there is a clear showing of abuse of such discretion. *Altmeyer v. State* (1988), Ind., 519 N.E.2d 138.

Under the circumstances of this case, it is for the jury to observe the witness and make a determination as to the weight they will place upon the testimony. *Maynard v. State* (1987), Ind., 513 N.E.2d 641.

The testimony of the minor witness alone would have been sufficient in this case to have sustained the jury's verdict. *Jones v. State* (1983), Ind., 445 N.E.2d 98. However, in the case at bar, the testimony of Cox and the victim's older brother clearly supported the allegations of the victim. This coupled with the testimony of the victim's mother as to her hysterical state immediately following the attack as well as the doctor's testimony also presented evidence which supports the verdict of the jury. We find no reversible error in this case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.