Terry **BITNER**, Appellant (Defendant),

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 80A02–8902–CR–63.

Court of Appeals of Indiana, Second District.

Nov. 16, 1989.

Thomas R. Lett, Tipton, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant Terry Bitner (Bitner) appeals from his sentence for child

1. Ind.Code 35–42–4–3(c) (1988).

molesting,[1] a class C felony, claiming the trial court erred when it imposed fines and costs upon him without conducting an indigency hearing, and that the trial court erred when it required him to pay restitution without first determining his ability to pay.

We affirm and remand.

## FACTS

The facts most favorable to the judgment reveal that on June 24, 1988, the trial court accepted Bitner's guilty plea for the crime of child molesting. On September 23, 1988, the trial court sentenced Bitner and provided:

"The Defendant is hereby committed to the custody of the Indiana Department of Correction for classification and confinement in a minimum security facility for a period of five (5) years. Costs taxed against the Defendant.

The Defendant is fined the sum of Five Thousand Dollars ($5,000), plus the costs of this action. Said fine and costs to be paid through the Tipton County Clerk. *Defendant to receive statutory credit against the fine and costs for each day of imprisonment.*

The Defendant is ordered to pay restitution to the victim in the sum of Five Thousand and Fifty Dollars ($5,050), said Restitution to be paid through the Tipton County Clerk who is authorized to pay the money out jointly to victim and her natural mother, Two Hundred Fifty Dollars ($250) and jointly to mother and Tipton Memorial Hospital Four Thousand Eight Hundred Dollars ($4,800).

Defendant is Ordered to assume financial responsibility for the uninsured portion of the continuing costs of treating the victim as a result of this incident. *Failure to comply shall subject the defendant to the contempt powers of this court at the risk of further fine and imprisonment.*"

*Record* at 2–3. (Emphasis supplied).

Prior to the entry of Bitner's guilty plea, the trial court determined he was indigent

and appointed counsel to represent him. After the entry of sentence, the trial court inquired whether Bitner wished to appeal. Bitner responded affirmatively, and the trial court inquired whether he had sufficient means to employ appellate counsel. Bitner responded negatively, and the trial court appointed Bitner's trial counsel to prosecute his appeal.

### ISSUES

1. Whether the trial court erred when it imposed fines and costs upon Bitner without first conducting an indigency hearing?
2. Whether the trial court erred when it ordered Bitner to pay restitution without first determining his ability to pay?

### DECISION

*ISSUE ONE*—Did the trial court err when it failed to determine whether Bitner was indigent?

*PARTIES' CONTENTIONS*—Bitner contends that the trial court erred when it imposed fines and costs on him without determining whether he was indigent, as required by statute. The State responds that Bitner has raised no appealable issue, and until an effort to enforce the fine is made, no appealable issue will arise.

■ *CONCLUSION*—The trial court erred when it imposed fines and costs upon Bitner without first deciding whether he was indigent.

■ A finding of indigency for the purpose of appointing defense counsel is not conclusive as to a defendant's ability to pay a fine or cost. *Marshall v. State* (1987), Ind.App., 505 N.E.2d 853; *Meeker v. State* (1979), 182 Ind.App. 292, 395 N.E.2d 301. But a trial court can be made aware of a defendant's indigency when it appoints pauper counsel. *Whitehead v. State* (1987), Ind., 511 N.E.2d 284.

Ind.Code 33–19–2–3(a) provides, in pertinent part: "When the court imposes costs, it *shall* conduct a hearing to determine whether the convicted person is indigent." (Emphasis supplied). Ind.Code 35–38–1–18(a) provides, in pertinent part: "Whenever the court imposes a fine, it *shall* conduct

a hearing to determine whether the convicted person is indigent." (Emphasis supplied).

In *Meeker, supra,* this court determined that an affirmative duty is placed upon the trial court by statute to conduct an indigency hearing, so it was error for the trial court to impose fines and costs upon Bitner without deciding whether he was indigent.

The supreme court's holding in *Whitehead, supra,* was that when a fine is imposed on an indigent defendant, the trial court *must* expressly state in the sentence that the defendant shall not be imprisoned for failing to pay the fine. This court's decision in *Marshall, supra,* that no appealable issue is presented until an effort is made to enforce the fines and costs, was therefore impliedly overruled by the supreme court in *Whitehead.*

The factual situation in *Whitehead* was similar to that in *Marshall;* a defendant had been fined and costs imposed without an indigency hearing. On appeal, the courts in both *Whitehead* and *Marshall* concluded the defendant was indigent. The court in *Marshall,* while determining the fines and costs could not be enforced because the defendant was indigent, found that no appealable issue had been raised. The supreme court in *Whitehead,* however, remanded the matter to the trial court with instructions to add language to the sentence providing the defendant would not be imprisoned for a failure to pay the fines and costs imposed. *Whitehead, supra* at 296–97.

The record of Bitner's sentencing, however, does not provide this court with sufficient evidence as to Bitner's indigency. The record reveals that the trial court merely inquired whether Bitner had the "money or means" to employ counsel for appeal, to which Bitner responded "No, sir." *Record* at 127. Although Bitner had been determined to be indigent for the purpose of receiving pauper counsel during the proceedings in the trial court, *record* at 20, no evidence presented to the trial court appears in the record on appeal. We cannot conclude, as the courts in *Marshall* and *Whitehead* could, that the defendant is indigent for the purpose of paying fines and

costs. We must, therefore, remand for an indigency hearing pursuant to the applicable statutes.

Finally, we observe that in its order on sentencing, the trial court provided: "Defendant to receive statutory credit against the fine and costs for each day of imprisonment." *Record* at 2. We uncover no "statutory credit" applicable to this case. IC 33–19–2–3 and 35–38–1–18 provide that a *non-indigent* defendant may be imprisoned in a county jail, if he *refuses* to pay fines and costs after they are due, and receive $20 credit for each day served.

*ISSUE TWO*—Did the trial court err when it required Bitner to pay restitution without first determining his ability to pay?

*PARTIES' CONTENTIONS*—Bitner asserts that case law clearly establishes a trial court must determine a defendant's ability to pay before requiring the payment of restitution. The State responds that the determination of a defendant's ability to pay is not a prerequisite to the imposition of restitution under the statute, and therefore the trial court did not err.

*CONCLUSION*—The trial court did not err by imposing restitution without first determining Bitner's ability to pay.

The State correctly asserts that restitution was imposed pursuant to Ind.Code 35–50–5–3 (1988).[2] There is no provision as to a defendant's ability to pay in the statute.

In *Smith v. State* (1984), Ind.App., 471 N.E.2d 1245, *trans. denied,* this court considered whether restitution ordered along with a suspended sentence required an inquiry into the defendant's ability to pay. It was decided that Ind.Code 35–7–2–1(a)(5) (which provides for restitution as a condition of probation) was applicable even though the defendant had not been placed on probation. Thus it was error to impose restitution without first determining the defendant's ability to pay.

The court in *Smith* cited *Sales v. State* (1984), Ind.App. 464 N.E.2d 1336, which concluded that equal protection concerns require an inquiry into the defendant's ability to pay before restitution could be imposed to prevent indigent defendants from being imprisoned because of their inability to pay.

In *Smith*, the State argued that restitution had been imposed pursuant to IC 35–50–5–3, and not IC 35–7–2–1(a)(5). The court rejected that proposition, but conclud-

---

2. IC 35–50–5–3 provides:

(a) In addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime. The court shall base its restitution order upon a consideration of:
(1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate);
(2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime; and
(3) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime.
(b) A restitution order under subsection (a) is a judgment lien that:
(1) attaches to the property of the person subject to the order;
(2) may be perfected;
(3) may be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the persons assignee; and

(4) expires;
in the same manner as a judgment lien created in a civil proceeding.
(c) When a restitution order is issued under subsection (a), the issuing court shall send a certified copy of the order to the clerk of the circuit court in the county where the felony or misdemeanor charge was filed. Upon receiving the order the clerk shall enter and index the order in the he circuit court judgment docket in the manner prescribed by IC 33–17–2–3.
(d) An order of restitution under subsection (a) does not bar a civil action for:
(1) damages that the court did not require the person to pay to the victim under the restitution order but arise from an injury or property damages that is the basis of restitution ordered by the court; and
(2) other damages suffered by the victim.
(e) Regardless of whether restitution is required under subsection (a) as a condition of probation or other sentence, the restitution order is not discharged by the completion of any probationary period or other sentence imposed for a felony or misdemeanor.
(f) A restitution order under subsection (a) is not discharged by the liquidation of a person's estate by a receiver under IC 34–1–12 and IC 34–2–7.

ed that the same equal protection concerns present for restitution ordered pursuant to IC 35–7–2–1(a)(5) would be present for restitution ordered, along with a suspended sentence, pursuant to IC 35–50–5–3.

■ Bitner's sentence, however, was executed. As Bitner does not face longer imprisonment because of his failure to pay restitution, the equal protection concerns present in *Smith* and *Sales* are not present. Restitution imposed upon a defendant with an executed sentence does not require an inquiry into the defendant's ability to pay by the trial court.

Lastly, we observe that the trial court's sentencing order provided: "Failure to comply shall subject the defendant to the contempt powers of this court at the risk of further fine and imprisonment." *Record* at 3. An examination of IC 35–50–5–3, however, reveals that the restitution ordered pursuant thereof is merely a *judgment lien* against the defendant. *See* IC 35–50–5–3(b).

■ As this is merely a money judgment against the defendant, the trial court erred when it threatened to imprison Bitner if he failed to pay the restitution. It is well-established that an individual cannot be imprisoned for failing to pay a money judgment. *State ex rel. Wilson v. Monroe Superior Court* (1983), Ind., 444 N.E.2d 1178; *Chapman v. Chapman* (1987), Ind. App., 512 N.E.2d 414, *trans. denied;* Ind. *Const.* art. I, § 22.

We remand to the trial court for a determination of Bitner's indigency, and instruct the trial court to remove the language from the sentence which threatens Bitner with imprisonment for failure to pay restitution and to remove the language which purports to give Bitner "statutory credit" for his fines and costs. In all other respects, the trial court's judgment is affirmed.

SHIELDS, P.J., and MILLER, J., concur.