Stephen J. REYNOLDS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 18A02–9008–CR–448.[1]

Court of Appeals of Indiana,
Third District.

July 18, 1991.
Transfer Denied Oct. 8, 1991.

---

1.  This case was assigned to this office on May   17, 1991.

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson Atty. Gen., Julie L. Ezell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Stephen Reynolds appeals his convictions of child molesting, a class B felony [2] and child molesting, a class C felony [3]. He presents five issues for our review:

    I. Whether the trial court erred in refusing to grant Reynolds' Motion for a Change of Judge?

    II. Whether there is sufficient evidence having probative value to sup-

---

**2.** IND CODE 35–42–4–3(a)

**3.** IC 35–42–4–3(c)

port Reynolds' conviction of child molesting, a class C felony?

III. Whether videotaped statements of the victims were erroneously admitted into evidence?

IV. Whether the trial court erred in giving Final Instruction 3?

V. Whether the trial court improperly imposed enhanced and consecutive sentences upon Reynolds?

We affirm.

On May 15, 1989, Reynolds was charged with engaging in deviate sexual conduct with his daughter, M.R., and with his daughter's childhood friend, S.H. On March 14, 1990, Reynolds was found guilty of the charges against him. On April 6, 1990, he was sentenced to twenty eight years imprisonment. This appeal ensued.

### I.

*Motion for Change of Judge*

■ On March 5, 1990, Reynolds filed his Motion for Change of Judge, alleging that the judge in his criminal case had previously heard evidence in a CHINS hearing concerning M.R. The trial court denied Reynolds' motion, noting that a jury, rather than the court, was to be the fact-finder at Reynolds' criminal trial.

■ A ruling upon a motion for a change of judge rests within the judge's sound discretion and will be reversed only upon a showing of abuse of that discretion. Reversal is appropriate only where a record discloses actual bias and prejudice against a defendant. *Smith v. State* (1985), Ind., 477 N.E.2d 857, 864.

In *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105, the court considered whether a criminal conviction should be reversed because the presiding judge previously heard evidence on a CHINS petition involving the victim:

"The law presumes that a judge is unbiased and unprejudiced. In order to overcome this presumption, the moving party must establish that a trial judge has personal prejudice for or against a party.... Such bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy before him.... Judges are credited with the ability to remain objective notwithstanding their having been exposed to information which might tend to prejudice lay persons.... Hence, the mere fact that a defendant has appeared before a certain judge in a prior action or the judge has gained knowledge of the defendant by participating in other actions does not establish the existence of bias or prejudice, particularly when a change of judge is sought in a jury trial.... Prejudice must be shown by the judge's trial conduct; it cannot be inferred from his subjective views."

*Id.* at 1118 (citations omitted).

Reynolds does not refer us to a single occasion during his trial where the judge demonstrated prejudice against him. However, he argues that the judge expressed an opinion as to his guilt by including within the CHINS dispositional order a provision violative of his right against self-incrimination. Secondly, he argues that the enhanced sentence imposed upon him reflects the judge's prejudice.

Each of Reynolds' claims lacks merit. Contrary to Reynolds' assertion, the CHINS dispositional order did not require the disclosure of any incriminating statements Reynolds might make during court-ordered counseling. The CHINS order merely required that Reynolds consent to the release of information to the Delaware County Department of Public Welfare regarding his *progress in counseling.* Record, p. 125. Moreover, the sentence imposed upon Reynolds was within statutory limits and precisely followed the recommendation of the Department of Probation.

The trial court did not abuse its discretion in denying Reynolds' motion.

### II.

*Sufficiency of the Evidence*

■ Reynolds contends that insufficient evidence exists to support his conviction for

molesting M.R., inasmuch as M.R. testified at trial and repudiated a prior videotaped statement. Reynolds claims that the State failed to present independent corroborative evidence that he engaged in sexual activity with M.R. during the summer of 1986, the period of time specified in the State's response to his notice of alibi.

■ A criminal conviction cannot stand if it is dependent upon repudiated hearsay evidence standing alone. There must be substantial evidence of probative value from which the fact finder may reasonably infer that the out of court statement is credible. *Peckinpaugh v. State* (1983), Ind., 447 N.E.2d 576, 581.

S.H., age 15 at the time of trial, testified that Reynolds engaged in oral sex with her and with M.R. S.H. testified that at least one act of oral sex took place between Reynolds and M.R. during the summer of 1986:

Question: O.K., the oral sex happened in the camper?

S.H.: Yeah.

. . . . .

Question: You said earlier that you didn't remember when things happened. How did you happen to remember it then?

S.H.: I remembered that my cousin came to live with us for awhile and he left in January of 1986, and it happened that summer.

. . . . .

Question: Huh, just—how do you know that it was even summer?

S.H.: Because it was really hot out and you could swim in the water.

Question: O.K. and this happened at the camp ground?

S.H.: Yes.

Question: Did anything happen with M.R. at the camp ground?

S.H.: Yes, the same thing happened with her too. At the camp ground that night.

Record, pp. 784–85.

The record discloses substantial evidence having probative value to permit the jury to find M.R.'s videotaped statement credible. In the videotaped statement, M.R. indicated that Reynolds engaged in sexual activity with her and with S.H. S.H.'s videotaped statement and in-court testimony corroborated M.R.'s statements. There is sufficient evidence having probative value to support Reynolds' conviction for molesting his daughter.

### III.

*Admission of Videotaped Statements*

■ Reynolds next argues that the trial court erred in admitting into evidence the videotaped statements of M.R. and S.H. He complains that the statements were prejudicial to him and that the victims failed to specify that sexual acts took place during the summer of 1986.

■ The trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. Relevant evidence is not inadmissible merely because it is prejudicial. We will disturb the trial court's ruling only upon a showing of abuse of discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.*

The videotaped statements of M.R. and S.H. relate a series of sexual encounters initiated by Reynolds, beginning in 1984 and continuing until S.H. moved from Reynolds' neighborhood in 1987. Reynolds objected to references to sexual activity occurring outside the time frame specified by the State in its reply to notice of alibi. However, the trial court found that evidence of sexual activity other than that which occurred in the summer of 1986 was properly admissible under the depraved sexual instinct rule.

■ Generally, evidence of separate, independent and distinct crimes is inadmissible for the purpose of establishing the guilt of a defendant. However, an exception is made for acts showing a depraved sexual instinct, for example, a proclivity to engage in sexual acts with children. Testimony that a defendant engaged in sexual acts with a child other than those acts charged is properly admissible to show a

depraved sexual instinct or a continuing plan to exploit and abuse a child victim. *Maynard v. State* (1987), Ind., 513 N.E.2d 641, 647.

In the instant case, the statements of M.R. and S.H. referring to sexual activity outside the summer months of 1986 were properly admissible both to show Reynolds' depraved sexual instinct and to demonstrate a continuing pattern of exploitation and abuse of M.R. and S.H. The trial court did not abuse its discretion in admitting the challenged statements.

## IV.

### *Jury Instruction*

Over Reynolds' objection, the trial court gave the following instruction:

*Count I: Child Molesting, Class B felony* I.C. 35–42–4–3(a) Definition

The crime of child molesting, class B felony, is defined by statute in pertinent part as follows, to-wit:

A person who, with a child under twelve years of age, performs or submits to deviate sexual conduct, commits child molesting, class B felony.

Criminal state of mind, or intent, must also be established. A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

To convict the defendant, the State must have proved each of the following elements:

The defendant:

1. intentionally
2. performed or submitted to deviate sexual conduct
3. with a child that was under twelve years of age.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of child molesting, class B felony.

Record, p. 88.

Reynolds claims that the foregoing instruction is misleading as it could be read to require acquittal only if the State failed to prove *all* the elements of child molesting. He contends that the instruction should have stated: "if the State fails to prove *any one* of the elements, you should find the Defendant not guilty."

Jury instructions lie largely within the trial court's discretion. Error in a particular instruction will not justify reversal unless the error is such that the whole charge of which it forms a part misleads the jury as to the law of the case. *Jewell v. State* (1989), Ind., 539 N.E.2d 959, 961–62.

The record discloses that the jury was further instructed on the State's burden of proof as follows:

"Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the defendant guilty of *each* essential element of the crime charged, beyond a reasonable doubt.

The defendant is not required to present any evidence to prove his innocence or to prove or explain anything."

Record, p. 92 (emphasis added).

The jury was not misled as to the State's burden of proof.

## V.

### *Sentencing*

Lastly, Reynolds argues that the trial court improperly considered an element of the offense of child molesting, the age of the victims, as an aggravating circumstance justifying the imposition of enhanced and consecutive sentences.

When the victim's age comprises a material element of a crime, it may not also support an enhanced sentence. *Stanger, supra,* at 1119. However, a single aggravating factor will support an enhanced sentence upon appeal. *Id.* In sen-

tencing Reynolds, the court delineated various aggravating circumstances other than the victims' ages: Reynolds' prior felony convictions, lack of remorse, and need for rehabilitative treatment best provided in a penal facility; the position of trust violated; and the use of pornography and drugs to seduce the victims into sexual activity. Record, pp. 1099–1100.

A court may increase a presumptive sentence, impose consecutive sentences, or both, upon consideration of appropriate aggravating and mitigating circumstances. A sentencing decision is within the trial court's discretion and will be reversed only upon a showing of manifest abuse of discretion. *Maynard, supra*, at 648. Here, the trial court articulated sufficient aggravating circumstances to justify the imposition of enhanced and consecutive sentences upon Reynolds. We find no abuse of discretion.

Affirmed.

HOFFMAN and BUCHANAN, JJ., concur.