Clarence Eubank DeBERRY, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 32A05–9502–CR–52.

Court of Appeals of Indiana.

Dec. 29, 1995.

Gloria K. Grinnan, Indianapolis, for appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Clarence Eubank DeBerry appeals his convictions, after a trial by jury, of Receiving Stolen Auto Parts and Possession of Altered or Defaced Manufacturer's ID Number. DeBerry raises five issues, which we expand into six, none of which constitutes reversible error.

## FACTS

The facts in the light most favorable to the verdict reveal that in August of 1990, a black 1987 Ford Tempo had been stolen. The Vehicle Identification Number [VIN] of this car ended in 7270.

A few weeks later, DeBerry purchased a totaled 1984 Ford Tempo. The car was not usable and had to be towed. Only the tires could be salvaged.

In July of 1991, DeBerry took a black Ford Tempo to an auto repair shop for repairs. The mechanic checked the VIN to determine what parts to order. Although the VIN indicated that the car was a 1984 model, the 1984 parts that the mechanic had ordered did not fit the car. When the mechanic informed DeBerry of this fact, DeBerry responded that the car "wasn't exactly straight" which the mechanic understood to mean that the vehicle was either stolen or had a stolen engine or drive train. Later, DeBerry returned to the auto repair shop to "reglue" the VIN tag.

In January of 1993, Robert Fisher noticed DeBerry with a disabled car parked outside Fisher's yard. Mr. Fisher walked out and asked if he could help. DeBerry responded that he had been having car trouble. Mr. Fisher permitted DeBerry to park the car in Fisher's driveway so that the car would not be towed. After pushing the car into Fisher's driveway, DeBerry stated that he would be back the next day to pick up the car.

A day and a half passed and DeBerry had not returned for the car. Mrs. Fisher called the police and requested them to come out and check the car. A policeman came out and ran the license plate which indicated that the car was registered to DeBerry. The VIN indicated that the car was a black 1984 Ford Tempo. The policeman noted that the VIN tag had scratches on it and that there was glue around the outside of the tag. After having observed that the VIN tag had been glued on, the policeman determined that the car had probably been stolen and seized it as evidence in connection with a criminal investigation.

The car was towed to an impound lot. The visible VIN indicated that the car belonged to DeBerry. The police noted that there was paint on the VIN tag and the surrounding metal and that glue bubbled out of the rivet holes. Police removed the glued-on VIN tag and discovered the original tag still riveted to the car. This VIN, with the last numbers 7270, revealed that the car was the 1987 model which had been stolen.

Additional facts are supplied as necessary.

## DECISION

### I.

During voir dire, the prosecutor made the following comment to a member of the jury panel:

... I'm sure [defense counsel] and the Judge [have] already touched on the fact that the defendant in a criminal case has a Fifth Amendment Right not to testify. He also is presumed innocent until proven guilty, and you are to presume him inno-

cent throughout the duration of this trial until the close of the evidence and [you are] sent to the jury room to deliberate. Now the Fifth Amendment doesn't just apply to a criminal defendant in a criminal case, it also applies to any witness. [A]ny witness that comes up here and he's asked a question ... that may incriminate him. If he's asked a question and they believe the answer may lead to [an] implication on his part of involvement in criminal activity then he may say I choose not to answer that based on my Fifth Amendment ... or I choose ... so you understand that a witness from the stand may revoke his Fifth Amendment right not to testify. Okay does everybody understand that that applies, not only to the criminal [sic] the criminal defendant but anybody else who testifies.

After the jury was accepted and sworn, De-Berry "move[d] for a directed judgment of acquittal ... for the reason that the prosecutor commented upon the defendant's Fifth Amendment rights."

██ Neither the prosecutor nor the court may comment upon a defendant's refusal to testify. *Solomon v. State* (1991), Ind.App., 570 N.E.2d 1293, 1296. Error occurs when the prosecutor invites the jury to infer evidence of guilt from a defendant's decision to not take the witness stand. *Id.* However, a prosecutor's statement that simply sets out for the jury the procedure which the trial may follow is permissible provided it does not also imply to the jury that the defendant's silence at trial evidences guilt. *Id.* In *Solomon,* the prosecutor had explained, to a jury venire during voir dire, that the defendant was entitled to refrain from testifying. *Id.* We held the prosecutor's comment did not constitute reversible error. *Id.*

██ In the present case, the prosecutor's comment merely informed the jury venire of trial procedure. The comment had not suggested that the jury could infer DeBerry's guilt from his silence if, in fact, he were to decline to testify. Moreover, as will be discussed below, in the final instructions, the jury was informed that the defendant's deci-

sion not to testify was not to be considered by the jury as any evidence of his guilt.

While it may have been better practice for the prosecutor not to make any comment regarding the defendant's right not to testify, we cannot conclude that the prosecutor's comment in the present case required the trial court to grant a mistrial (or directed verdict). *See Solomon, id.*

DeBerry also argues that the trial court erred in giving the following final instruction:

... a defendant is a competent witness to testify in his own behalf. And he may testify in his own behalf or not as he may chose. In this case the defendant has not testified in his own behalf, and this fact is not to be considered by the jury as any evidence of his guilt. Neither has the jury any right to comment upon or refer to or in any manner consider the fact that the defendant did not testify in arriving at your verdict in this case.

However, DeBerry failed to object to the giving of the instruction. Therefore, he has waived any error. *See Orr v. State* (1993), Ind.App., 612 N.E.2d 213, 215; *Draper v. State* (1990), Ind.App., 556 N.E.2d 1380, 1386, *trans. denied.*

**II.**

DeBerry next argues that he was denied a fair trial when several witnesses commented on various unrelated criminal activities. DeBerry argues these comments constitute evidentiary harpoons that require reversal. DeBerry argues the trial court erred by not granting his motions for a mistrial (although the record would reveal that his motions were actually additional motions for a directed verdict).

██ An evidentiary harpoon involves the deliberate use of improper evidence to prejudice the defendant in the eyes of the jury. *Williams v. State* (1987), Ind., 512 N.E.2d 1087, 1090. When an answer is volunteered and unresponsive, and there is no evidence the prosecutor deliberately sought to introduce testimony regarding the inadmissible evidence, the complained-of error does not constitute an evidentiary harpoon. *Id.*

■ Moreover, a mistrial is an extreme remedy warranted only when no other curative measure will rectify the situation and whether to grant a motion for a mistrial is a matter committed to the sound discretion of the trial court. *James v. State* (1993), Ind., 613 N.E.2d 15, 22. When determining whether a mistrial is warranted, the court on review must consider whether the defendant was placed in a position of grave peril to which he should not have been subjected. *Id.* The gravity of the peril is determined by the probable persuasive effect on the jury's decision. *Id.* A timely and accurate admonition is presumed to cure any error in the admission of evidence. *Id.* On appeal, where the jury's verdict is supported by independent evidence of guilt such that the reviewing court is satisfied that there was no substantial likelihood that the evidence in question played a part in the defendant's conviction, any error in the admission of the defendant's collateral criminal conduct is harmless. *Id.*

■ DeBerry's first complaint relates to the testimony of State Trooper Faulk as follows:

State: Were you at the Brownsburg Police Department in January of 1993.

Trooper Faulk: Yes I was.

State: And what were you doing there?

Trooper Faulk: I was making arrangements to interview a subject.

State: Okay and during the time that you were there uh did you overhear the report of this black 1987 called into the Brownsburg police department?

Trooper Faulk: What occurred was I was talking about the defendant Clarence DeBerry.

Trooper Faulk's testimony does not necessarily implicate DeBerry in any collateral criminal matters. The testimony would appear to be related to the stolen black 1987 car which is the subject of this prosecution. In any event, we are satisfied that DeBerry was not subjected to grave peril by the trooper's statement and therefore, we find no error.

■ DeBerry next complains about an answer State Trooper Brummett gave in re-

sponse to DeBerry's cross-examination. The complained-of exchange went as follows:

Q. Trooper Brummett, how could we have contacted you before charges were filed against Mr. DeBerry.... how?

A. You want me to answer that?

Q. Well, if you know of a way I could call you on a criminal case before it's filed?

A. Okay, there were already numerous files charged [sic] on Mr. DeBerry in other counties that he and you were uh or at least he was familiar with, and I was ...

Outside the presence of the jury, DeBerry again moved for a directed verdict. After argument, the trial court ruled that the witness had simply answered the question posed him by DeBerry and that any error had been invited. (Error invited by the complaining party is not reversible error. *Lacy v. State* (1982), Ind., 438 N.E.2d 968, 971.) DeBerry did not request an admonishment.

Obviously, the evidence of the other criminal charges against DeBerry were not the result of prosecutorial misconduct. The present trial spanned six days. The evidence, as set out in the FACTS section, overwhelmingly demonstrates DeBerry's guilt of the crimes charged. Therefore, we cannot conclude that Trooper Brummett's testimony as set out above warrants reversal.

■ DeBerry also complains about the following exchange:

State: And this particular piece of evidence you removed from the door?

Trooper: Yes sir.

State: For another criminal investigation?

Trooper: Yes sir.

However, during cross-examination, DeBerry's counsel repeatedly elicited the fact that the piece of evidence in question was evidence in another case and therefore not physically present in the courtroom for DeBerry's trial.

The trooper's comments did not implicate DeBerry in any collateral criminal conduct; the comments simply indicated that another criminal investigation had been pending. Moreover, DeBerry exploited the fact that another criminal investigation had been pending to suggest that someone else besides

DeBerry had been responsible for charged criminal activity prosecuted in this case. Under these circumstances, we cannot conclude that DeBerry was subjected to grave peril by the trooper's comments and we find no reversible error.

### III.

■ DeBerry argues the trial court erred in permitting the State to amend the information one week before trial. The amendment was to change the last digit of the allegedly altered or defaced VIN number (from 2FBP22R7EB202070 to 2FABP22R7EB202079). The probable cause affidavit filed in conjunction with the information had listed the correct VIN. All pre-trial discovery disclosed to DeBerry correctly referenced the altered VIN number.

An information may be amended at any time because of a miswriting, misspelling, or grammatical error. Ind.Code 35–34–1–5(a)(1); *Eguia v. State* (1984), Ind.App., 468 N.E.2d 559, 566. We are satisfied that the amendment was simply to correct a typographical error. Therefore, we cannot imagine how DeBerry was prejudiced by the amendment and we find no error.

### IV.

DeBerry also asserts the trial court erred in permitting the State to call two witnesses who had not been added to the State's witness list until shortly before trial. DeBerry also argues the trial court erred by denying his motion for a continuance to prepare for the testimony of these two witnesses. One witness was disclosed nine days prior to trial, the other, six days.

■ Trial courts are vested with broad discretion where discovery is concerned. *Jenkins v. State* (1993), Ind., 627 N.E.2d 789, 798, *cert. denied,* — U.S. —, 115 S.Ct. 64, 130 L.Ed.2d 21. Absent a clear violation of that broad discretion, reversal is not warranted. *Id.* The ruling on a motion for a continuance is within the trial court's discretion and will not be reversed absent a clear showing of an abuse of discretion. *Olson v. State* (1990), Ind., 563 N.E.2d 565, 569. Continuances to allow more time for prepara-

tion are not favored and are granted only by showing good cause and in the furtherance of justice. *Id.* In ruling on a discretionary motion for a continuance, the trial court should give heed to the diverse interests of the opponent of the motion which would be adversely impacted by altering the schedule of events as requested in the motion and give heed as well to the diverse interests of the movant to be beneficially impacted by altering the schedule. *Vaughn v. State* (1992), Ind., 590 N.E.2d 134, 135.

■ In the present case, the trial had been delayed several times. DeBerry had had three continuances. Although the witnesses had been disclosed late in the game, sufficient time remained for DeBerry to depose and prepare for them. In fact, DeBerry had known these witnesses, had subpoenaed them himself and could not have been surprised regarding the content of their testimony. Under the present circumstances, we cannot conclude that the trial court erred in permitting the witnesses in question to testify and in denying DeBerry's motion for a continuance.

### V.

■ DeBerry asserts the trial court erred in permitting the introduction of the evidence seized during the warrantless search of the stolen 1987 automobile. DeBerry argues that, absent this evidence, his convictions are not sufficiently supported.

The defendant has no standing to object to the search of a stolen automobile as he has no legitimate expectation of privacy in a stolen automobile. *Mendelvitz v. State* (1981), Ind.App., 416 N.E.2d 1270, 1274.

The evidence overwhelmingly demonstrates that the car in question had been stolen and did not belong to DeBerry. Therefore, DeBerry had no standing to challenge the search of the car. As the evidence obtained in the search was properly admissible, the evidence supporting DeBerry's convictions is sufficient and we find no error.

### VI.

■ In his final issue, DeBerry raises several concerns. First, he argues that the

trial court erred in permitting the case to go to the jury after the judge had noted, outside the presence of the jury, "[t]here is so much error in this record no matter what this jury does, from both sides, no Court of Appeals will ever sustain anything that's done in here." DeBerry does not cite any authority or make any cogent argument about why the trial court's superfluous comment warrants reversal. Therefore, we find no error. *See Tyson v. State* (1993), Ind.App., 626 N.E.2d 482, 484, n. 1, *cert. denied* —— U.S. ——, 114 S.Ct. 1216, 127 L.Ed.2d 562.

DeBerry next argues the trial court erred in instructing him regarding his appeal rights after sentencing. Obviously, DeBerry perfected an appeal and therefore could not have been prejudiced by any inadequacy in the trial court's advisement. Therefore, we find no reversible error. *See Sharp v. State* (1989), Ind., 534 N.E.2d 708, 714, (Before a defendant is entitled to a reversal, he must affirmatively show that there was error prejudicial to his substantial rights.), *cert. denied,* 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617.

Judgment affirmed.

BAKER, J., concurs.

NAJAM, J., concurs in result.