Dennis SHAFFER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 67A01–9601–CR–12.

Court of Appeals of Indiana.

Nov. 27, 1996.

Transfer Denied Jan. 22, 1997.

**4**

Susan K. Carpenter, Public Defender of Indiana and Gregory L. Lewis, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

1. IND.CODE § 35–42–4–3(b).

## OPINION

BAKER, Judge

Appellant-defendant Dennis Shaffer appeals his two convictions for Child Molesting,[1] both Class C felonies. Specifically, Shaffer presents the following arguments: (1) the trial court erred by permitting the child abuse victims to testify in a smaller courtroom; (2) he was denied the effective assistance of counsel; and (3) the trial court improperly enhanced his sentence.

## FACTS

The evidence in the light most favorable to the verdict reveals that Shaffer's wife, Leah, babysat two sisters, eight-year-old D.K. and seven-year-old T.G., in the Shaffer's home. For several hours every day, Leah would leave the house to deliver newspapers while Shaffer stayed at home with the children. Sometime between April 1, 1993, and April 15, 1993, Shaffer molested D.K. and T.G. while his wife was delivering newspapers.

Shortly thereafter, D.K. and T.G. complained to their father about Shaffer molesting them. Based on their complaints, their father contacted Gerry Hoffa, a child abuse investigator in the Putnam County prosecutor's office. Hoffa then met with Shaffer and questioned him about D.K.'s and T.G.'s allegations. Near the end of the interview, Shaffer stated that he would admit to "touching" the girls if it would help resolve the matter. Record at 418–420.

On August 11, 1994, Shaffer was charged with two counts of child molesting, both class C felonies and one count of Child Molesting,[2] a Class B felony. During a pre-trial conference, Shaffer agreed to permit D.K. and T.G. to testify in a smaller courtroom during the trial. Shortly before trial, however, Shaffer requested that the trial court not enforce this agreement. The trial court denied the request. When the State moved to allow the children to testify in a smaller courtroom during trial, Shaffer did not object and the trial court granted the State's motion.

2. IND.CODE § 35–42–4–3(a).

During the trial on March 7 and March 8, 1995, the State presented the expert testimony of Ann Kelly Newton, a child sexual abuse counselor, who stated that approximately sixty-six percent of all girls are sexually abused. In addition, Newton stated that it was very common for perpetrators of sexual abuse to deny committing the offense. Shaffer's counsel objected to this statement and the trial court sustained the objection. However, counsel did not move to strike the statement or request a mistrial. Newton then testified, without objection, that D.K. and T.G. were not prone to exaggerate about sexual matters. Further, she stated that her examination of the children revealed nothing that was inconsistent with their allegations of sexual abuse. Finally, during Shaffer's cross-examination, the prosecutor asked Shaffer whether it was a fact that his own daughter did not want to be left alone with him. R. at 466–67. Shaffer's counsel objected and the trial court sustained the objection.

Thereafter, Shaffer was convicted of two counts of child molesting, both class C felonies, but acquitted of child molesting as a class B felony. On April 11, 1995, Shaffer was sentenced to two consecutive terms of eight years imprisonment, with four years suspended on each term, for a total executed sentence of eight years. The trial court also ordered Shaffer to reimburse the victims for $406.00 of counseling expenses upon his release from the Department of Corrections. This appeal ensued.

## DISCUSSION AND DECISION

### I. Smaller Courtroom

Shaffer contends that the trial court erred by allowing D.K. and T.G. to testify in a smaller courtroom. In particular, he argues that the trial court's decision improperly emphasized the victims' testimony and denied his rights to a fair trial and to be presumed innocent.

Initially, we note that although Shaffer objected to the use of the smaller courtroom before trial, he did not renew his objection when the State made its motion during trial. The failure to renew an objection at trial waives the issue on review. See Wright v. State, 593 N.E.2d 1192, 1194 (Ind.) (objection to trial court's denial of defendant's pretrial motion to suppress evidence waived on appeal because defendant did not renew objection during trial), cert. denied, 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540 (1992). Notwithstanding waiver, the trial court did not err in permitting D.K. and T.G. to testify in a smaller courtroom.

Shaffer correctly asserts that Indiana law is "distinctly biased" against trial procedures which tend to emphasize the testimony of any single witness. See, e.g., Hopkins v. State, 582 N.E.2d 345, 353–54 (Ind. 1991) (defendant's instruction on eyewitness identification testimony properly refused because it emphasizes the testimony of a witness). However, recognizing the potential trauma facing a child in court, Indiana trial courts have permitted children to testify under special conditions despite the possibility that it would emphasize their testimony. For example, this court upheld a trial court's decision to allow child witnesses to testify with a support person sitting behind them, Stanger v. State, 545 N.E.2d 1105, 1112 (Ind. Ct.App.1989), or a guardian sitting next to them. Hall v. State, 634 N.E.2d 837, 841–42 (Ind.Ct.App.1994). In addition, we approved a trial court's decision to permit a child to testify with her chair turned away from the accused and toward the jury. Stanger, 545 N.E.2d at 1112. Finally, our supreme court has authorized child testimony by two-way closed-circuit television to help reduce the child's trauma while still protecting the constitutional right of the accused to confront a witness face-to-face. Brady v. State, 575 N.E.2d 981, 989 (Ind.1991). As a result, the manner in which a party is entitled to question a witness of tender years, especially in embarrassing situations, is left largely to the discretion of the trial court. Jackson v. State, 535 N.E.2d 1173, 1174 (Ind.1989). We will reverse the trial court's decision only if there is a clear abuse of such discretion. Id.

In the present case, the trial court granted the State's request to allow the children to testify in a smaller courtroom because it determined that it would be a less traumatic environment in view of their tender age. R. at 263. Nothing in the record indicates that

the trial court made any comments or took any action to emphasize the children's testimony. Further, Shaffer presents no evidence demonstrating that the jury placed undue emphasis on the children's testimony, or that he was otherwise prejudiced, as a result of the smaller courtroom setting. Thus, we cannot say that the trial court abused its discretion by permitting the children to testify in a smaller courtroom.

## II. Ineffective Assistance of Counsel

Shaffer contends he was denied the effective assistance of trial counsel for the following reasons: (1) his counsel's failure to request an admonishment or mistrial after the prosecutor implied that Shaffer's daughter was afraid to be alone with him; and (2) his failure to properly object to the admission of the expert testimony on child sexual abuse. Alternatively, Shaffer argues that the cumulative effect of his counsel's actions constituted ineffective assistance.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show the following: 1) his counsel's performance fell below an objective standard of reasonableness; and 2) but for his counsel's deficient performance, the result of the proceedings would have been different. *Fugate v. State*, 608 N.E.2d 1370, 1373 (Ind. 1993). There is a strong presumption that counsel is competent and it can only be rebutted by strong and convincing evidence to the contrary. *Id.* Isolated poor strategy, inexperience or bad tactics do not necessarily amount to ineffective assistance. *Howell v. State*, 453 N.E.2d 241, 242 (Ind.1983). In addition, judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortions of hindsight. *Id.*

### A. Evidentiary Harpoon

Shaffer argues that the prosecutor's question regarding his daughter's reluctance to stay alone with him amounted to the deliberate insertion of an evidentiary harpoon which warranted a mistrial. As a result, Shaffer contends that his counsel's failure to request a mistrial or an admonishment constitutes ineffective assistance.

An evidentiary harpoon occurs when the prosecution places inadmissible evidence before the jury for the deliberate purpose of prejudicing the jury against the defendant and his defense. *Evans v. State*, 643 N.E.2d 877, 879 (Ind.1994). In certain circumstances, the injection of an evidentiary harpoon by a prosecutor may constitute prosecutorial misconduct rising to the level of fundamental error and requiring a mistrial. *Stowers v. State*, 657 N.E.2d 194, 198 (Ind.Ct. App.1995), *trans. denied.* However, a mistrial is an extreme remedy warranted only when no other curative measure will rectify the situation. *DeBerry v. State*, 659 N.E.2d 665, 669 (Ind.Ct.App.1995). When reviewing a claim of fundamental error based on prosecutorial misconduct, we consider whether there was misconduct and whether the misconduct, under all the circumstances, placed the defendant in a position of grave peril. *Stowers*, 657 N.E.2d at 198. The gravity of peril is determined by considering the probable persuasive effect of the misconduct on the jury's decision, not the degree of impropriety of the conduct. *Id.*

Here, the prosecutor's question to Shaffer in regard to his daughter's reluctance to be alone with him was clearly improper. Nevertheless, counsel's failure to request an admonishment or mistrial does not mandate the reversal of Shaffer's convictions. When the prosecutor posed his question, Shaffer's attorney immediately objected and the trial court sustained the objection. Although counsel did not request a mistrial or admonishment at this time, the court later instructed the jury that:

The unsworn statements or comments of counsel on either side of this case should not be considered as evidence in the case. It is your duty to determine the facts from the testimony and the evidence *admitted* by the Court and given in your presence, and you should disregard any and all information that you may derive from any other source.

R. at 162 (emphasis added). The trial court's instruction to the jury to consider only evidence admitted during trial cured any error in the prosecutor's improper question. *See*

*Reliford v. State*, 436 N.E.2d 313, 315 (Ind. 1982) (prosecutor's improper comments in closing argument cured by trial court's instructions to jury); *see also Hemphill v. State*, 270 Ind. 590, 387 N.E.2d 1324, 1327 (Ind.1979) (potential error from prosecutor's improper comments cured when trial court sustained objection to comment).[3]

 In addition, the record does not reveal that Shaffer was harmed by the prosecutor's question. The State presented significant evidence of Shaffer's guilt, including the testimony of both victims and the investigating officer. When the jury's verdict is supported by independent evidence of guilt such that the reviewing court is satisfied that there was not a substantial likelihood that the evidence in question played a part in the defendant's conviction, any error in the admission of evidence is harmless. *DeBerry*, 659 N.E.2d at 669. Under these circumstances, we cannot say that Shaffer was placed in grave peril or that the outcome of his trial would have been different had his counsel requested an admonishment or a mistrial on the basis of one brief question by the prosecutor. Thus, Shaffer was not denied the effective assistance of counsel.

### B. Expert Testimony

 Shaffer also contends that his counsel's failure to object to the admission of the expert testimony on child abuse constituted ineffective assistance. Specifically, he argues that the expert's statements that D.K. and T.G. were not prone to exaggerate about sexual matters and the expert's finding that her examination revealed nothing inconsistent with the victims' allegations of sexual abuse were not reliable proof of sexual abuse. In addition, Shaffer argues that the expert's statements regarding child abuse statistics and a child molester's tendency to deny committing abuse were improper and highly prejudicial.

First, we address Shaffer's contention that his counsel was ineffective for failing to properly object to the expert's statements on the basis that the testimony was not reliable. According to Shaffer, if his counsel had objected on the basis that an expert's opinion which bolsters a child's testimony is unreliable, his objection would have been sustained. We disagree.

 At the time of Shaffer's trial, Indiana law allowed the State to elicit testimony from experts and others to bolster a child abuse victim's testimony. *See Jones v. State*, 581 N.E.2d 1256, 1258 (Ind.Ct.App. 1991) (allowing testimony that child is not prone to exaggerate or fantasize about sexual matters); *see also Wright v. State*, 581 N.E.2d 978, 980–81 (Ind.Ct.App.1991) (allowing testimony that child's statement was not inconsistent with assertion that child was victim of sexual abuse). It was not until three months after Shaffer's trial that our supreme court concluded that expert testimony regarding the behavior, patterns and profiles of child abuse victims is inadmissible to prove that child abuse occurred. *Steward v. State*, 652 N.E.2d 490, 499 (Ind.1995). Notwithstanding Shaffer's argument that his counsel should have foreseen that the supreme court would later change the law, an ineffective assistance claim cannot be based on counsel's failure to argue the legal reasoning of cases not yet decided at the time of trial. *See Jarrett v. State*, 580 N.E.2d 245, 250 (Ind.Ct.App.1991) (counsel's failure to object to admission of testimony on basis of legal reasoning of case not decided at time of trial not ineffective assistance), *trans. denied.*

 Next, we address Shaffer's contention that his counsel was ineffective for fail-

---

**3.** In dissent, Judge Robertson, relying on *Pillow v. State*, 479 N.E.2d 1301, 1306 (Ind.1985) and *White v. State*, 257 Ind. 64, 272 N.E.2d 312, 319 (1971), argues that the giving of an admonishment or curative instruction cannot cure an evidentiary harpoon which is deliberately inserted by the prosecutor to prejudice the defendant. Dissent at 9. From this, the dissent concludes that the giving of an admonishment or curative instruction is irrelevant to determining whether the defendant has been placed in grave peril. *Id.*

However, in *White*, the supreme court did not hold that the giving of an admonishment or curative instruction was irrelevant to the determination of grave peril. Rather, the court concluded that the trial court's admonishment not to consider the evidentiary harpoon was insufficient to overcome the prejudice to the defendant due to the close nature of the evidence in that case. *White*, 272 N.E.2d at 319. As discussed above, the evidence in the present case is not close and, therefore, does not mandate a retrial.

ing to request an admonishment after the expert testified that child molesters often deny committing sexual abuse. Again, we note that Shaffer's counsel objected to the expert's testimony and the trial court sustained the objection. In addition, the trial court instructed the jury to only consider evidence which had been properly admitted. Thus, regardless of the propriety of the testimony, we find no error in its admission. Moreover, the fact that counsel did not seek an admonishment may reflect a strategic decision to avoid emphasizing the expert's statement. In light of these facts, Shaffer has not demonstrated that his counsel was ineffective.

 Finally, Shaffer contends that counsel's failure to object to the admission of the expert's testimony that sixty-six percent of girls have been sexually molested rendered the representation ineffective. In particular, he claims that this statement improperly bolstered the victims' credibility because it allowed the jury to infer that the victims were telling the truth due to the high rate of sexual abuse in general. However, as previously stated, Indiana law at the time of Shaffer's trial permitted an expert to indirectly comment on the child abuse victims' credibility. Moreover, Shaffer has not demonstrated that the outcome of his trial would have been different had his counsel objected. *See Fugate*, 608 N.E.2d at 1373 (Ind.1993) (no ineffective assistance of counsel unless outcome of trial would have been different but for counsel's deficient performance). Nothing in the record supports Shaffer's assertion that this brief, general statement had any effect on the jury's assessment of D.K.'s and T.G.'s credibility. Finally, the testimony of the investigating officer and both children clearly support Shaffer's convictions. Thus, Shaffer's counsel did not render ineffective assistance.[4]

4. Shaffer also argues that even if each individual act did not constitute ineffective assistance, the cumulative effect of his counsel's performance is sufficient to require reversal. Although an accumulation of errors may amount to ineffective assistance, *Williams v. State*, 508 N.E.2d 1264, 1268 (Ind.1987), where trial irregularities stand-

### III. Sentencing

Finally, Shaffer contends his sentences are manifestly unreasonable because the trial court relied on improper aggravating factors to enhance his sentences and because the trial court both enhanced his sentences and ordered them to be served consecutively. In addition, he argues that the trial court erred by ordering restitution without inquiring into his ability to pay.

### A. Length of Sentence

 Sentencing is conducted within the sound discretion of the trial court. *Gustman v. State*, 660 N.E.2d 353, 355 (Ind.Ct. App.1996), *trans. denied*. When reviewing a sentence, we will only reverse if the sentence is manifestly unreasonable. *Id.* A sentence is manifestly unreasonable if no reasonable person could find such a sentence appropriate to the particular offense and offender for which the sentence was imposed. *Id.* In imposing a sentence, the trial court must do the following: (1) identify all significant aggravating and mitigating factors, (2) state the reasons why a circumstance is aggravating or mitigating, and (3) weigh the aggravating and mitigating factors to determine whether the aggravating circumstances offset the mitigating circumstances. *Id.* Only one valid aggravating factor is needed to sustain an enhanced sentence. *Id.*

 Here, the trial court found three aggravating factors which justified the enhancement of Shaffer's sentence: (1) a reduction or suspension of the sentence would depreciate the seriousness of the crime; (2) the victims' age; and (3) Shaffer was in a position of trust when the crimes were convicted. Shaffer correctly asserts that the trial court improperly considered that a reduction in sentence would depreciate the seriousness of the crimes. A trial court is only permitted to consider this factor in determining whether to reduce a sentence. It does not justify the enhancement of a sentence.

ing alone do not amount to error, they cannot together gain the stature of reversible error. *Hobbs v. State*, 548 N.E.2d 164, 168 (Ind.1990). Here, Shaffer has not demonstrated that he was prejudiced by his counsel's alleged errors. Thus, there has not been an accumulation of errors amounting to ineffective assistance.

*Ector v. State,* 639 N.E.2d 1014, 1015 (Ind. 1994). Similarly, the trial court improperly considered the victims' ages as an aggravating circumstance. When the victims' ages comprise a material element of the crime, it may not also support an enhanced sentence. *Reynolds v. State,* 575 N.E.2d 28, 32 (Ind.Ct. App.1991), *trans. denied.* The age of the victims is an element of the offense of child molesting. *See* I.C. § 35–42–4–3(b). Nevertheless, the third factor, that Shaffer was in a position of trust, is sufficient to sustain the enhanced sentence. Notwithstanding that Shaffer's wife was the primary babysitter, Shaffer watched the children for several hours every day while his wife delivered newspapers. During these time periods, Shaffer molested both victims. Thus, the trial court properly determined that Shaffer was in a position of trust when he molested the children.[5] Under these circumstances, we cannot say that the trial court erred in enhancing Shaffer's sentences. *See Ridenour v. State,* 639 N.E.2d 288, 298 (Ind.Ct. App.1994) (a position of trust by itself constitutes a valid aggravating factor upon which court could properly enhance defendant's sentence).

Likewise, we reject Shaffer's claim that his sentence is manifestly unreasonable. A decision to enhance a sentence and impose consecutive sentences may be based on the same aggravating factor. *Id.* As we stated above, Shaffer was in a position of trust which he abused when he molested the two young children. Given all the facts and circumstances, we cannot say that no reasonable person would find Shaffer's sentence manifestly unreasonable.

### B. Restitution

Finally, Shaffer argues that the trial court erred by ordering restitution without inquiring into his ability to pay. When restitution is ordered as a condition of probation, the trial court must inquire into the defendant's ability to pay restitution in order to prevent indigent defendants from being imprisoned because of their inability to pay. I.C. § 35–38–2–2.3; *Sales v. State,* 464 N.E.2d 1336, 1340 (Ind.Ct.App.1984). We later held that the same concerns mandate that a trial court inquire into a defendant's ability to pay when a suspended sentence is conditioned upon the payment of restitution. *Smith v. State,* 471 N.E.2d 1245, 1249 (Ind. Ct.App.1984), *trans. denied.* However, when restitution is ordered as part of an executed sentence, and therefore is not a condition of probation or a suspended sentence, an inquiry into the defendants ability to pay is not required. *Bitner v. State,* 546 N.E.2d 117, 120 (Ind.Ct.App.1989). In such a situation, restitution is merely a money judgment and a defendant cannot be imprisoned for his failure to pay the restitution. *Id.*

Here, the trial court ordered Shaffer to pay $406.00 in restitution to the victims for their counseling expenses upon his release from the Department of Corrections. R. at 190. The trial court also ordered Shaffer to report to the probation department upon his release to determine the conditions of his probation. R. at 190. Although Shaffer's liability for restitution under the sentencing order attaches once he is placed on probation, the trial court did not make it a condition of his probation. Therefore, the trial court was not required to inquire into Shaffer's ability to pay and the restitution order is merely a money judgment. The trial court did not err by failing to inquire into Shaffer's ability to pay.

Judgment affirmed.

GARRARD, J., concurs:

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. During the cross-examination of Shaffer, the deputy prosecutor deliberately destroyed any chance Shaffer may have had to receive a fair trial by

---

5. Shaffer contends that even if he was in a position of trust at the time he committed the crime, the trial court did not explain why this circumstance was an aggravating factor justifying the enhancement of the crime. We disagree. During the sentencing hearing, the trial court noted that the children's trust of others in a position similar to Shaffer's "was of course lost as a result of these incidents." R. at 633. Although brief, this explanation was sufficient.

gouging his defense with the following evidentiary harpoon:

> Now, isn't it a fact that your own daughter, [name], did not want to be left alone with you?

The majority incorrectly characterizes this question by stating that the deputy prosecutor merely "implied that Shaffer's daughter was afraid to be alone with him." (Op. p. 6). The statement, "[n]ow, isn't it a fact," designates much more than an implication. It constitutes a representation that the prosecutor had special knowledge of "a fact" that Shaffer would want to keep from the jury. In the context of Shaffer's prosecution for the molestation of young girls, the statement was obviously and deliberately calculated to imply that Shaffer had molested his own daughter and, thus, was predisposed to molest the alleged victims. This is a clear case of prosecutorial misconduct which was purposefully perpetrated to strip a criminal defendant of the presumption of innocence and deny him his right to a fair trial.

Under these circumstances, Shaffer is entitled to a new trial under either the fundamental error doctrine or his claim of the ineffective assistance of counsel. The injection of evidence of uncharged misconduct strips the defendant of the presumption of innocence, stigmatizes the defendant, and predisposes the jury to find him guilty. *Thompson v. State*, 612 N.E.2d 1094, 1097–98 n. 6 (Ind.Ct.App.1993), *trans. denied*. An evidentiary harpoon occurs when the prosecution places inadmissible evidence before the jury for the deliberate purpose of prejudicing the jury against the defendant and his defense. *Evans v. State*, 643 N.E.2d 877, 879 (Ind.1994). The injection of an evidentiary harpoon by a prosecutor can constitute prosecutorial misconduct rising to the level of fundamental error. *Stowers v. State*, 657 N.E.2d 194, 198 (Ind.Ct.App.1995), *trans. denied* (citing, *White v. State*, 257 Ind. 64, 272 N.E.2d 312 (1971)). The failure of defense counsel to request that the jury be admonished regarding prosecutorial misconduct can constitute the ineffective assistance of counsel requiring retrial. *Tucker v. State*, 646 N.E.2d 972, 977 (Ind.Ct.App.1995).

The majority's conclusion that any error in the prosecutor's statement was cured by the trial court's instruction of the jury is erroneous as contravening controlling Indiana supreme court precedent governing "prosecutorial misconduct" cases. *See Maldonado v. State*, 265 Ind. 492, 355 N.E.2d 843, 848 (1976); *White*, 272 N.E.2d 312. In *White*, our supreme court held that where inappropriate evidence was deliberately injected for the sole purpose of prejudicing the jury against the defendant, the need for appellate intervention becomes more compelling than would be under ordinary circumstances. 272 N.E.2d at 319. Accordingly, in order to obtain reversal in a "prosecutorial misconduct" case, the defendant need only show that he was subjected to grave peril to which he should not have been subjected. *Maldonado*, 355 N.E.2d at 848 (Expressly recognizing the *White* "grave peril" standard for cases of prosecutorial misconduct); *Garcia v. State*, 509 N.E.2d 888, 890 (Ind.Ct.App.1987). Thus, under the *White* "grave peril" standard, the giving of an admonishment or curative instruction is irrelevant, and will not cure an evidentiary harpoon deliberately inserted by the prosecution to prejudice the defendant. *Pillow v. State*, 479 N.E.2d 1301, 1306 (Ind.1985); *White*, 272 N.E.2d at 319. *See also United States v. Dow*, 457 F.2d 246, 250 (7th Cir.1972) (Improper questions were so prejudicial that damage could not be removed by jury instruction and constituted "plain error" operating to deprive defendant of his right to a fair trial). Under the present circumstances, Shaffer is entitled to a new trial under the *White* "grave peril" standard as well as fundamental principles of due process.

Frankly, I am "taken aback" by the majority's holding that any error resulting from the prosecutor's statement was harmless. First of all, under the *White* "grave peril" standard, the defendant need not show that the outcome of his trial would have been different but for the harpooning, *Garcia*, 509 N.E.2d at 890, as the majority would appear to require on page 8 of the slip opinion. More importantly, the evidence against Shaffer cannot be appropriately characterized as overwhelming; the case was essentially a swearing contest between Shaffer and the

victims. Thus, the deliberate injection of the evidentiary harpoon which stripped Shaffer of the presumption of innocence undermined any chance he had of receiving a fair trial.

Moreover, as noted in the majority opinion, Shaffer's conviction was obtained through the use of a substantial amount of expert "child sexual abuse syndrome" evidence which has since been condemned by our supreme court because it also unjustly strips away "the presumption of innocence in a criminal case." *Steward v. State,* 652 N.E.2d 490, 494 (Ind. 1995). In *Buzzard v. State,* 669 N.E.2d 996 (Ind.Ct.App.1996), we recently reversed five child molesting convictions due to the introduction of expert testimony that the defendant fit the profile of a pedophile. *Id.* at 999–1000. We noted that the defendant's failure to object to the testimony in a timely manner had not subjected the error to waiver due to his claim that he had received the ineffective assistance of trial counsel. *Id.* at 999.

Regardless of whether the use of improper, expert character evidence in the present case constitutes reversible error in and of itself, its use against Shaffer in the State's case-in-chief elevated the gravity of peril to which Shaffer was later subjected from the injection of the evidentiary harpoon and further serves to undermine any confidence that Shaffer received a fair trial as required by fundamental principles of due process. *See Taylor v. Kentucky,* 436 U.S. 478, 491, 98 S.Ct. 1930, 1937–38, 56 L.Ed.2d 468 (1978) (Where the presumption of innocence in favor of the defendant has been compromised by deficiencies in the trial proceedings, reversal and retrial are constitutionally mandated).

Indiana supreme court precedent, as well as fundamental principles of due process guaranteed by the United States and Indiana constitutions, mandate that Shaffer receive a new trial. Therefore, I dissent.